UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DELBERT CHARGING CROW, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>TABITHA BENTING, Warden,<br><br>Defendant. | 4:24-CV-04145-LLP<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS, AND DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT BUT ALLOWING PLAINTIFF TO REFILE MOTION TO AMEND COMPLAINT |

Plaintiff, Delbert Charging Crow, Jr., an inmate at the South Dakota State Penitentiary (SDSP), filed a pro se lawsuit. Doc. 1. Charging Crow filed a motion for leave to proceed in forma pauperis and provided a prisoner trust account report. Docs. 2, 5. At this Court's request, *see* Doc. 6, South Dakota Department of Corrections (SDDOC) General Counsel Addyson Aguirre informed the Court that Charging Crow's prisoner trust account report was not signed by the staff member who handles prisoner trust account reports, and authentic prisoner trust account information was provided.[1] Docs. 11, 11-1.

---

[1] This Court trusts that Charging Crow's filing of a prisoner trust account report that was not signed by the proper authorized officer of the institution was based on his confusion of the requirements of the Prison Litigation Reform Act and was not in an effort to avoid his obligation to pay the SDDOC's costs to procure a prisoner trust account report. *See* Doc. 9 at 1. The SDDOC policy states that
> The DOC will maintain at least six (6) months of prior deposits and subaccount balance averages for each offender's account, as required by the Prison Litigation Reform Act (PLRA). Offenders submitting a Prison Trust Account Report form to the Business Office must include a signed commissary slip for the six (6) months required at fifty cents ($0.50¢) per month along with the PLRA form to the Business Office. If the offender is indigent the costs will be added to the offender's credit obligations.

SDDOC Offender Accounts and Financial Responsibility, Policy 600-02(IV)(10)(A)(2). Going forward, Charging Crow should follow the SDDOC's policies in obtaining a prisoner trust

I.      **Motion for Leave to Proceed In Forma Pauperis**

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The court may, however, accept partial payment of the initial filing fee where appropriate. Therefore, "[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (alteration in original) (quoting *McGore v Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

(A)   the average monthly deposits to the prisoner's account; or
(B)   the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Charging Crow's average monthly deposits for the past six month was $0.00, and his average monthly balance for the past six months was $0.00. Doc. 11 at 1.

In order to pay his filing fee, Charging Crow must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the Court as follows:

After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

---

account report. Inmates must comply with the policies of the facility where they are incarcerated to obtain an authentic prisoner trust account report.

28 U.S.C. § 1915(b)(2). The installments will be collected pursuant to this procedure.

The clerk of the court will send a copy of this order to the appropriate financial official at plaintiff's institution. Charging Crow will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time. *See In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997).

**II.     Motion to Amend Complaint**

Charging Crow filed a motion to amend his complaint "[d]ue to 21 day time period official mail mail [sic] late, [a]nd breach of contract[.]" Doc. 8 at 1. Under Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleading once as a matter of course no later than . . . 21 days after serving it[.]" Defendant has not yet been served, and Charging Crow has not previously amended his complaint. Thus, Charging Crow is within the time period to amend as a matter of course.

But under Local Rule 15.1, "any party moving to amend a pleading must attach a copy of the proposed amended pleading to its motion to amend with the proposed changes highlighted or underlined so that they may be easily identified." D.S.D. Civ. LR 15.1. Although Charging Crow describes the facts and arguments he seeks to add to his complaint, he does not attach a copy of the proposed amended complaint to his motion to amend his complaint. *See* Doc. 8. Thus, Charging Crow's motion to amend complaint, Doc. 8, is denied, but this Court will allow Charging Crow 30 days to refile a motion to amend his complaint and attach a copy of the amended complaint that complies with Local Rule 15.1. Charging Crow must refile his motion to amend his complaint by **December 5, 2024**.

Charging Crow is warned that "an amended complaint supercedes [sic] an original complaint and renders the original complaint without legal effect." *In re Atlas Van Lines, Inc.*,

3

209 F.3d 1064, 1067 (8th Cir. 2000) (citing *Washer v. Bullitt Cnty.*, 110 U.S. 558, 562 (1884)). Thus, all claims that Charging Crow seeks to bring in this lawsuit must be included in his amended complaint.

### III.   Conclusion

Accordingly, it is ORDERED

1. That Charging Crow's motion for leave to proceed in forma pauperis, Doc. 2, is granted and his initial partial filing fee is waived.

2. That the Clerk of Court will send a copy of this order to the appropriate financial official at Charging Crow's financial institution.

3. That the institution having custody of Charging Crow is directed that whenever the amount in Charging Crow's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to Charging Crow's trust account shall be forwarded to the U.S. District Court Clerk's Office under 28 U.S.C. § 1915(b)(1) until the $350 filing fee is paid in full.

4. That Charging Crow's motion for leave to amend his complaint, Doc. 8, is denied, but Charging Crow has until **December 5, 2024**, to refile his motion for leave to amend complaint with an attached amended complaint that complies with Local Rule 15.1.

This Court will conduct a 28 U.S.C. § 1915A screening after Charging Crow's time to refile his motion to amend expires.

DATED November 6, 2024.

ATTEST:
MATTHEW W. THELEN, CLERK

*Matthew Thelen*

BY THE COURT:

*Lawrence Piersol*

Lawrence L. Piersol
United States District Judge